**IN THE UNITED STATES BANKRUPTCY**
**COURT NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHARLES ANTONIO CROFF, | ) | |
| | ) | CASE NO. 18-69002 JWC |
| MOVANT. | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| RESPONDENT. | ) | |

**MOTION TO INCUR NEW DEBT BY MODIFYING**
**MORTGAGE**

COMES NOW, THE DEBTOR, Charles Antonio Croff by and through the undersigned
Counsel, and moves this Honorable Court for an order allowing him to modify the terms of his
mortgage on his real property. As grounds for this motion, the Debtor respectfully shows the
Court the following:

1.

This is a Motion to Incur New Debt By Modifying Mortgage (or, in the alternative a
Motion to Approve Loan Modification Agreement) to which the parties have agreed on or about
September 8, 2021.

2.

The Debtor filed a Voluntary Petition for relief under Chapter 13 on November 9, 2018.
The Chapter 13 Plan was confirmed on April 30, 2019.  The Debtor's instant case was later
converted to a Chapter 7 on April 7, 2020.

3.

Debtor's residence is located at 4845 Price Street, Forest Park, GA 30297.  At the time
of Debtor's filing of the instant case, Wells Fargo Bank, N.A. (hereinafter, "Respondent"),
held the first mortgage on the above-stated real property in the amount of $129,932.69 with an
annual fixed interest rate of 3.25% and monthly payment of $1,000.88.  Secured proof of
claim 6-1 was filed on January 8, 2019 in the amount of $129,932.69 with an arrearage
amount that was funded via Debtor's Chapter 13 Plan in the amount of $2,917.53, pre-
conversion of Debtor's instant case. Lastly, at the time of filing, the Maturity Date of the Loan

was January 1, 2041. At the time of filing, Debtor also had a second (subordinate lien on the real property) with the U.S. Department of Housing and Urban Development (hereinafter "HUD") in the amount of $6,057.72 and proof of claim 12-1 was filed in the amount of $6,057.72 on April 30, 2019.

4.

Respondent has agreed to modify the terms of the Debtor's first mortgage on or about September 8, 2021, with a Partial Claims Loan Modification.  Pursuant to such agreement, a Subordinate Mortgage ("Security Instrument") is given to the Secretary of Housing and Urban Development ("HUD"). The proposed loan modification is a permanent one, not a trial modification.  In the agreement, Debtor shall owe Respondent the amount of $5,058.85, which is evidenced by the borrower's note dated the same date as the Security Instrument (the "Note".   Further, according to the Security Instrument, the full debt is due on April 1, 2043 if not paid earlier (See Exhibit "A" attached hereto).

5.

The Debtor believes that the loan modification and repayment will be feasible and will not prevent the Debtor from meeting his obligations under the Bankruptcy.

6.

The Debtor believes that attaining this partial claims mortgage loan modification is in the best interest of the estate and his creditors, and that it will assist in the effectuation of the Debtor's financial reorganization.


WHEREFORE, the Debtor prays:

(a) that the Court will consider this motion;

(b) grant the Debtor permission to modify the terms of the mortgage on this real property; and

(c ) for all other relief that is just and appropriate.


Date: October 7, 2021                                        Respectfully submitted,

                                                                        /s/ Shannon C. Worthy
                                                                        Shannon C. Worthy
                                                                        Attorney for Debtor(s)
                                                                        GA Bar No. 733895
                                                                        Stanton and Worthy, LLC
                                                                        547 Ponce de Leon Avenue NE
                                                                        Suite 150

Atlanta, GA 30308
Shannon.worthy@stantonandworthy.com

# EXHIBIT A

This Document Prepared By:
**MARY MAURIGI**
**WELLS FARGO BANK, N.A.**
**1 HOME CAMPUS**
**DES MOINES, IA 50328**
**(800) 416-1472**

When Recorded Mail To:
**FIRST AMERICAN TITLE CO.**
**FAMS – DTO RECORDING**
**3 FIRST AMERICAN WAY**
**SANTA ANA, CA  92707-9991**

**Tax/Parcel #:  12208A A046**
_____[Space Above This Line for Recording Data]_____

**FHA Case No.:  703 105-6116604**
**Loan No: (scan barcode)**

## PARTIAL CLAIMS MORTGAGE

### GEORGIA STATE CODE: 560-11-8.14
### EXEMPT SECRETARY OF HOUSING AND URBAN DEVELOPMENT

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **SEPTEMBER 8, 2021**. The mortgagor is **CHARLES ANTONIO CROFF** ("Borrower"), whose address is **4845 PRICE STREET, FOREST PARK, GEORGIA 30297**. This Security Instrument is given to the **Secretary of Housing and Urban Development**, whose address is **451 Seventh Street SW, Washington, DC 20410** ("Lender").  Borrower owes Lender the principal sum of **FIVE THOUSAND FIFTY-EIGHT DOLLARS AND 85 CENTS** Dollars (U.S. **$5,058.85**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **APRIL 1, 2043**.

Wells Fargo Custom Partial Claims Loan Modification Agreement███████ 

Page 1

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in the COUNTY of **CLAYTON**, State of **GEORGIA**:

which has the address of, **4845 PRICE STREET, FOREST PARK, GEORGIA 30297** (herein "Property Address");

### SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:

Tax Parcel No. **12208A A046**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

   **1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

   **2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

Wells Fargo Custom Partial Claims Loan Modification Agreement

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration: Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement of Borrower in this Security Instrument. The notice shall specify: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is given to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the

Wells Fargo Custom Partial Claims Loan Modification Agreement 

Page 3

:

sums secured by this Security Instrument to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice of sale by public advertisement for the time and in the manner prescribed by Applicable Law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by Applicable Law.

If the Property is sold pursuant to this Section 7, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with Applicable Law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.

**8. Bankruptcy Discharge.** If Borrower, subsequent to **DECEMBER 1, 2010,** receives a discharge in a Chapter 7 bankruptcy, and there is no valid reaffirmation agreement of the underlying debt. Lender will not attempt to re-establish any personal liability for the underlying debt.

**9. Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request

Wells Fargo Custom Partial Claims Loan Modification Agreement███████ 

Page 4

and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property.  Lender shall be subrogated to any and all rights, superior titles, liens and equities owed or claimed by any owner or holder of any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignments or are released by the holder thereof upon payment.

**10. Partial Invalidity.**  In event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.  In the event that any applicable law limiting the amount of interest or other charges permitted to be collected is interpreted so that any charge provided for in this Security Instrument or in the Note, whether considered separately or together with other charges that are considered
A part of this Security Instrument and Note transaction, violates such law by reason, such charge is hereby reduced to the extent necessary to eliminate such violation.  The amounts of such interest or other charges previously paid to Lender in excess of the amounts permitted by applicable law shall be applied by lender to reduce the principal of the indebtedness evidenced by the Note, or, at Lender's option, be refunded.

**11. Loan Charges.**  If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower.  Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower.  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**12. Borrower's Authorization for Disclosure of Financial Information.**  Borrower hereby authorizes the holder of any mortgage, deed of trust or other encumbrance with a lien that has a priority over this Security Instrument to disclose any financial information requested in writing by the above-named Lender regarding Borrower's loan.  Such information may include, but shall not be limited to, the following information: current loan balance, loan status, delinquency notices, tax and insurance receipts, hazard insurance policies and flood insurance policies, and any other information deemed necessary in its sole discretion by Lender.
To the extent the lender may elect to do so, from time to time, the Borrower hereby authorizes Lender to cure wholly or in part any default or failure of performance under the terms of the prior Note and Security Instrument.  The Borrower hereby indemnifies and agrees to hold harmless any Lender acting in reliance upon this provision from any and all

Wells Fargo Custom Partial Claims Loan Modification Agreement 

Page 5

liability and causes of action arising from actions taken pursuant to this provision, including, but not limited to, all attorney fees, costs and expenses incurred for any reason. This provision cannot be amended, revoked, superseded, or canceled prior to payment in full of the subordinate debt without the express written consent of the Lender. This provision of the Security Instrument may be continually used from time to time, and shall inure to the benefit of the Lender, its successors and assigns.

**13. Wavier of Notice of Intention and Accelerate.** Borrower waives the right to notice of intention to require payment in full of all sums secured by this Security Instrument except as provided in paragraph 7.

Borrower must deliver to Wells Fargo Home Mortgage a properly signed HUD Partial Claim package, which includes, Partial Claims Promissory Note, Subordinate Deed of Trust, Notice of No Oral Agreements, and Errors and Omissions Compliance Agreement by **SEPTEMBER 23, 2021**. If Borrower does not return a properly signed HUD Partial Claim package by this date Wells Fargo Home Mortgage may deny or cancel the Partial Claim Agreement. If the Borrower returns a properly signed HUD Partial Claim package by said date, payments pursuant to the Partial Claim Agreement are due as outlined in this HUD Partial Claim package. Wells Fargo Home Mortgage may deny or cancel the Partial Claims Promissory Note if Borrower fails to make the first payment due as outlined in this HUD Partial Claim package.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

_____                    9-15-2021

**Borrower:CHARLES ANTONIO CROFF**                          **Date**

_____ [Space Below This Line for Acknowledgments] _____

State of _Georgia_

County of _Clayton_                        ss.

Signed, sealed and delivered on this ___15th___ day of ___September___ ,

_Charles_ in the presence of:

_____            _____

**Unofficial Witness**                      Notary Public, state of Georgia

                                            _Antoinette C. Holmes_
                                            _____
                                            **Printed Name**

**Document Prepared By**                    _May 28, 2022_
**MARY MAURIGI**                            **My Commission Expires**
**WELLS FARGO BANK, N.A.**
**1 HOME CAMPUS**
**DES MOINES, IA 50328**

Wells Fargo Custom Partial Claims Loan Modification
Agreement 06042021_259

## EXHIBIT A

**BORROWER(S): CHARLES ANTONIO CROFF**

**LOAN NUMBER: (scan barcode)**

**LEGAL DESCRIPTION:**

**THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE COUNTY OF CLAYTON AND STATE OF GEORGIA, AND DESCRIBED AS FOLLOWS:**

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 208 OF THE 12 TH DISTRICT, CLAYTON COUNTY, GEORGIA, BEING LOT 24, OF CROWN RIVER FKA SHADY RIDGE SUBDIVISION, AS PER PLAT THEREOF RECORDED IN PLAT BOOK 40, PAGE 43-46, CLAYTON COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART OF THIS DESCRIPTION.**

**ALSO KNOWN AS: 4845 PRICE STREET, FOREST PARK, GEORGIA 30297**



**IN THE UNITED STATES BANKRUPTCY
COURT NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHARLES ANTONIO CROFF, | ) | |
| | ) | CASE NO. 18-69002 JWC |
| MOVANT. | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| RESPONDENT. | ) | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that the Debtor has filed a **Motion to Incur New Debt by Modifying Mortgage** and related papers with the Court seeking an order permitting Debtor to modify the terms of a mortgage on real property located at 4845 Price Street, Forest Park, GA 30297.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial telephonic hearing for announcements on the **Motion to Incur New Debt by Modifying Mortgage** at the following number: toll-free number:**833-568-8864** meeting id **160 459 5648** at **11:00 AM** on **November 18, 2021** in Courtroom **1203** United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated

below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: October 7, 2021                           Respectfully submitted,

                                                 /s/ Shannon C. Worthy
                                                 Shannon C. Worthy
                                                 Attorney for Debtor(s)
                                                 GA Bar No. 733895
                                                 Stanton and Worthy, LLC
                                                 547 Ponce de Leon Ave NE
                                                 Suite 150
                                                 Atlanta, GA 30308
                                                 Shannon.worthy@stantonandworthy.com

**IN THE UNITED STATES BANKRUPTCY
COURT NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHARLES ANTONIO CROFF, | ) | |
| | ) | CASE NO. 18-69002 JWC |
| MOVANT. | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| RESPONDENT. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I am more than 18 years of age and that I have this day served a copy of the within *Motion to Incur New Debt by Modifying Mortgage* upon the following by depositing a copy of the same in U.S. Mail with sufficient postage affixed thereon to ensure delivery and/or Electronic Mail to the parties listed below

**Charles Antonio Croff**  (via electronic delivery)
4845 Price Street
Forest Park, GA 30297

**Wells Fargo Bank, N.A.**
**Default Document Processing**
N9286-01Y
1000 Blue Gentian Road
Eagan, MN 55121 (via ECF)

**Bryce Noel**
**Attorney for Wells Fargo**
Aldridge Pite, LLP
Fifteen Piedmont Center
3375 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305 (via ECF)

**Wells Fargo Bank, N.A.**
Corporation Service Company, Registered Agent
2 Sun Court, Suite 400
Peachtree Corners, GA 30092(via ECF)

**Wells Fargo Bank, N.A.**
Charles W. Scharf, CEO

301 S. Tryon Street
Charlotte, NC 28282 (via ECF)

**U.S. Department of Housing and Urban Development**
451 7th Street S.W.
Washington, DC 20410 (via ECF)

**U.S. Department of Housing and Urban Development**
Marcia Fudge, Secretary
451 7th Street S.W.
Washington, DC 20410 (via ECF)

**U.S. Department of Housing and Urban Development**
Bankruptcy Specialist
2401 N.W. 23rd Street, Suite 1A1
Oklahoma, OK 73107 (via ECF)

**U.S. Department of Housing and Urban Development**
U.S. Attorney General
Main Justice Building
10th & Constitution Ave.
Washington, DC 20530 (via ECF)

**U.S. Department of Housing and Urban Development**
United States Attorney
Northern District of Georgia Civil Division
75 Spring Street Drive SW #600
Atlanta, GA 30303 (via ECF)

*See attached Creditors Matrix.*

I further certify that, by agreement of parties S. Gregory Hays, Chapter 7 Trustee, was served via the ECF electronic mail/noticing system.

Dated: October 7, 2021

Respectfully submitted,

/s/ Shannon C. Worthy
Shannon C. Worthy
Attorney for Debtor(s)
GA Bar No. 733895
Stanton and Worthy, LLC
547 Ponce de Leon Avenue
NE Suite 150
Atlanta, GA 30308
Shannon.worthy@stantonandworthy.com

Label Matrix for local noticing
113E-1
Case 18-69002-jwc
Northern District of Georgia
Atlanta
Thu Oct  7 13:50:47 EDT 2021

Acceptance Now
5501 Headquarters Dr
Plano, TX 75024-5837

Ally Financial
200 Renaissance Ctr
Detroit, MI 48243-1300

Ally Financial
PO Box 130424
Roseville, MN 55113-0004

Arnall Golden Gregory LLP
171 17th Street, N.W.
Suite 2100
Atlanta, GA 30363-1031

(p)RESURGENT CAPITAL SERVICES
PO BOX 2568
GREENVILLE SC 29602-2568

Badcock
7965 Tara Blvd Ste 330C
Jonesboro, GA 30236-2243

John V. Ball
Humphries & King Realty
Suite 510-205
830 Glenwood Avenue
Atlanta, GA 30316-1966

Michael J. Bargar
Arnall Golden Gregory, LLP
Suite 2100
171 17th Street, N.W.
Atlanta, GA 30363-1031

(p)SOUTHERN MANAGEMENT
PO BOX 1947
GREENVILLE SC 29602-1947

Capital One
Po Box 30281
Salt Lake City, UT 84130-0281

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC  28272-1083

Carfinance.com
7525 Irvine Center Dr St
Irvine, CA 92618-3066

Cb/pier1
Po Box 182789
Columbus, OH 43218-2789

Citi Auto
2208 Highway 121 Ste 100
Bedford, TX 76021-5981

Comenity Bank/pier 1
Po Box 182789
Columbus, OH 43218-2789

Comenitybank/victoria
Po Box 182789
Columbus, OH 43218-2789

Comenitycb/forever21
Po Box 182120
Columbus, OH 43218-2120

Comenitycb/hsn
Po Box 182120
Columbus, OH 43218-2120

Convergent Outsourcing
Po Box 9004
Renton, WA 98057-9004

Charles Antonio Croff
4845 Price Street
Forest Park, GA 30297-1959

Crown River Homeowners Association, Inc.
c/o Dunlap Gardiner LLP
5604 Wendy Bagwell Pkwy Ste 923
Hiram, GA 30141-7819

Emory Healthcare
po Box 102398
Atlanta, GA 30368-2398

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

(p)SENTRY MANAGEMENT INC
PO BOX 1677
STOCKBRIDGE GA 30281-8677

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305-4909

I C System
Po Box 64378
Saint Paul, MN 55164-0378

Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101-7346

Brian K. Jordan
Aldridge Pite, LLP
Suite 500 - Fifteen Piedmont Center
3575 Piedmont Road, NE
Atlanta, GA 30305-1636

Kay Jewelers/genesis
15220 Nw Greenbrier, Ste
Beaverton, OR 97006-5744

Paul R. Knighten
Knighten Law Firm
Suite D-295
2221 Peachtree Road NE
Atlanta, GA 30309-1148

Vanessa A. Leo
Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway NE
Suite 300
Atlanta, GA 30346-1305

Bryce R. Noel
Aldridge Pite, LLP
3575 Piedmont Road, NE, Suite 500
Fifteen Piedmont Center
Atlanta, GA 30305-1527

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303-3315

SOUTHWEST AIRLINES FCU
PO BOX 35708
DALLAS, TX 75235-0708

Southwest Airlines Efc
Po Box 35708
Dallas, TX 75235-0708

Shawna Staton
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303-3315

Syncb/mc
Po Box 965005
Orlando, FL 32896-5005

Timepayment Corp
1600 District Ave Ste 20
Burlington, MA 01803-5233

(p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP
ATTN ROBERT ZAYAC
40 MARIETTA ST SUITE 300
ATLANTA GA 30303-2812

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309

W.S. Badcock Corporation
P.O. Box 724
Mulberry, FL 33860-0724

Webbank/fingerhut
6250 Ridgewood Road
Saint Cloud, MN 56303-0820

(p)WELLS FARGO
P O BOX 9210
DES MOINES IA 50306-9210

Wells Fargo Bank, N.A.
Default Document Processing
N9286-01Y
1000 Blue Gentian Road
Eagan, MN 55121-1663

Wells Fargo Hm Mortgag
Po Box 10335
Des Moines, IA 50306-0335

Western Shamrock Corporation dba Western Fin
Bankruptcy Department
84 Villa Rd, Ste 303
Greenville, SC 29615-3013

Nancy J. Whaley
Nancy J. Whaley, Standing Ch. 13 Trustee
303 Peachtree Center Avenue
Suite 120, Suntrust Garden Plaza
Atlanta, GA 30303-1216

World Finance Corp. c/o World Acceptance Cor
Attn: Bankruptcy Processing Center
PO Box 6429
Greenville, SC 29606-6429

World Finance Corporat
2640b Metropolitan Pkwy
Atlanta, GA 30315-7921

Shannon Charlmane Worthy
Stanton and Worthy, LLC
547 Ponce De Leon Avenue NE
Suite 150
Atlanta, GA 30308-1881

Wstshmrk
801 S Abe
San Angelo, TX 76903-6735

(p)ZEBIT INC
ATTN ATTN - KERISSA HOLLIS
9530 TOWNE CENTRE DRIVE
SUITE 200
SAN DIEGO CA 92121-1981

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Atlanta Medical Center
303 Parkway Drive NE
Atlanta, GA 30312

COVINGTON CREDIT GA0012
C/O SOUTHERN MANAGEMENT
ATTN: BK
PO BOX 1947
GREENVILLE, SC 29602

(d)Covington Credit/smc
150 Executive Center Drive
Greenville, SC 29615

```
Georgia Department Of Revenue        Grace Management Services LLC      (d)Sentry Management
1800 Century Blvd. NE                325 Country Club Dr,               303 Corproate Center Drive Suite 300A
Atlanta, GA 30345                    Stockbridge, GA 30281              Stockbridge, GA 30281



U.S. Department of Housing and Urban Develop    Wells Fargo            Zebit
451 7th Street S.W.                  P O Box 10438                      9530 Towne Centre Drive, Suite
Washington, DC 20410                 Des Moines, IA 50306-0438          Suite 200
                                                                        San Diego, CA 92121
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Ally Financial Inc.               (u)W.S. Badcock Corp.              (u)WELLS FARGO BANK, N.A.



End of Label Matrix
Mailable recipients    52
Bypassed recipients     3
Total                  55
```